

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 3, 2019

**Via ECF and Email**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *United States v. Mykhaylo Koretskyy*, S9 12 Cr. 439 (PAC)

Dear Judge Crotty:

  The Government respectfully writes to address a potential conflict of interest resulting from defense counsel's representation of Mykhaylo Koretskyy (the "defendant"). As set forth below, the defendant has retained Jeffrey Lichtman, Esq. to represent him in this case. However, Mr. Lichtman also has been retained to represent Joaquin Guzman-Loera, a/k/a "El Chapo," whom the above-captioned Indictment alleges to have conspired with the defendant. As discussed in more detail below, the Government respectfully submits that a *Curcio* inquiry is warranted prior to any further proceedings in this matter, but that the defendant may waive this potential conflict. Attached as Exhibit A, for the convenience of the Court, is a list of proposed questions that the Court may wish to put to the defendant in connection with any such *Curcio* proceeding.

  **I. Background**

  On January 23, 2014, a Grand Jury in this district charged the defendant with conspiracy to import controlled substances into and through the United States, in violation of Title 21, United States Code, Sections 959, 960(b)(1)(B), and 963. The other defendants charged in this Indictment include Joaquin Guzman-Loera, a/k/a "El Chapo."[1] The Indictment alleges that the defendant and Guzman-Loera were co-conspirators.

  On approximately January 3, 2018, the defendant was arrested in Curacao. The Government understands that the defendant retained Mr. Lichtman shortly following his arrest. Mr. Lichtman entered a notice of appearance on behalf of the defendant on January 17, 2018. The

---

[1] Based on the terms of Guzman-Loera's extradition, he will not be tried in this district on this Indictment.

defendant subsequently was extradited from Curacao to the United States, where he arrived on May 31, 2019.

As discussed above, Mr. Lichtman also represents Joaquin Guzman-Loera, a/k/a "El Chapo." Guzman-Loera was extradited to the United States on January 19, 2017 to face charges in the Eastern District of New York. On August 20, 2018, Mr. Lichtman entered a notice of appearance on Guzman-Loera's behalf. Guzman-Loera proceeded to trial and, on February 2, 2019, was convicted of narcotics offenses, firearms offenses, conspiracy to launder narcotics proceeds, and participation in a continuing criminal enterprise. Mr. Lichtman represented Guzman-Loera at trial and continues to represent him today. Guzman-Loera's motion for a new trial under Federal Rule of Criminal Procedure 29 is pending.

## II.  Applicable Law

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002). Courts have two separate obligations where there is a potential conflict of interest. First, there is an "inquiry obligation," pursuant to which the court must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either: (i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be waived, conduct a *Curcio* hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Conflicts "such as an attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003); *see also United States v. Stein*, 410 F. Supp. 2d 316, 328 (S.D.N.Y. 2006) (noting that one of the factors the Second Circuit has considered "in determining whether a conflict can be waived" is "whether, if the conflict concerns the interests of another client, the attorney's relationship with the other client is continuing or has been terminated"). New York Rule of Professional Conduct 1.7 provides:

> "(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that []: (1) the representation will involve the lawyer in representing differing interests; . . . . (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives *informed consent*, confirmed in writing."

N.Y. Rules of Prof'l Conduct 1.7 (emphasis added). "Informed consent" means:

> [T]he agreement by a person to a proposed course of conduct after the lawyer has communicated information adequate for the person to make an informed decision, and after the lawyer has adequately explained to the person the material risks of the proposed course of conduct and reasonably available alternatives.

*Id.* Rule 1.0(j); *see also id.* Rule 1.0(e) (defining "confirmed in writing").

Because a potential conflict "might require a defendant to abandon a particular defense or line of questioning," the defendant should be offered an opportunity to "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." *Id.* (quoting *United States v. Fulton*, 5 F.3d 605, 613 (2d Cir. 1993)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *Id.* Nevertheless, "[t]he district court retains the discretion to reject that waiver if the attorney's conflict jeopardizes the integrity of the judicial proceedings." *United States v. Jones*, 381 F.3d 114, 120 (2d Cir. 2004).

### III.    Discussion

Mr. Lichtman represents Guzman-Loera, another defendant who is indicted in this defendant's case as well as in another district, and who is alleged to have conspired with this defendant. It should be assumed, for purposes of the conflict analysis, that Guzman-Loera disclosed confidences to Mr. Lichtman during the course of that representation. *See, e.g.*, *United States v. Stein*, 410 F. Supp. 2d 316, 324-25 (S.D.N.Y. 2006). Consequently, a potential conflict arises because Mr. Lichtman has an ethical obligation to protect from disclosure to the defendant the privileged information that he is presumed to have learned from Guzman-Loera. There is a possibility that Mr. Lichtman's duty of confidentiality to Guzman-Loera could be at odds with his duty to vigorously represent the defendant. For instance, Mr. Lichtman is prohibited from disclosing, in the course of his representation of the defendant, any pertinent information that he learned from Guzman-Loera during the course of the prior representation, potentially including information obtained from the Government in discovery that is the subject of a protective order. As another example, if the defendant determines that he wishes to cooperate with the Government, Mr. Lichtman may be conflicted in his ability to counsel the defendant, as the defendant could present evidence against Guzman-Loera at sentencing or, if his Rule 29 motion is granted, at a future trial.

The Government respectfully requests that the Court conduct a *Curcio* proceeding prior to any future proceedings in this matter to advise the defendant of his right to conflict-free representation and to inquire as to whether he understands and waives the potential conflict. After advising the defendant of the risks inherent in Mr. Lichtman's continued representation of him, the Government requests that the Court afford the defendant reasonable time to digest and

contemplate those risks, as well as an opportunity to consult with independent counsel. *See United States v. Curcio*, 680 F.2d 881, 890 (2d Cir. 1982). If the defendant subsequently reiterates his wish to proceed with Mr. Lichtman as his counsel, the Government requests that the Court elicit narrative responses from him designed to ascertain whether he is fully aware of the risks involved in the representation provided by Mr. Lichtman, and determine whether the defendant is making a knowing and intelligent waiver of his right to conflict-free representation. Mr. Lichtman should be disqualified from representing the defendant if, after a full inquiry, the Court determines that the defendant has not knowingly waived this conflict; that the conflict is so egregious that no rational defendant could waive such a conflict; or that allowing Mr. Lichtman to represent the defendant would not ensure that this case would be conducted "within the ethical standards of the profession" such that the case appears "fair to all who observe [it]." *Wheat v. United States*, 486 U.S. 153, 160 (1988). If, on the other hand, the Court determines that the defendant has made a knowing and voluntary waiver of his right to conflict-free counsel in this case, then the Government respectfully submits that the Mr. Lichtman's representation of the defendant may continue in future proceedings.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By: _____
   Shawn G. Crowley / Stephanie Lake
   Assistant United States Attorneys
   (212) 637-1034 / 1066

Attachments

Cc: Jeffrey Lichtman, Esq.

**Exhibit A.  Proposed *Curcio* Examination**

*United States v. Mykhaylo Koretskyy*,
12 Cr. 439 (PAC)

I. **Introductory Questions To Establish Competence**

- Age

- Education

- Any current medications

- Any use of alcohol, drugs, or medications within past 24 hours

- Is anything interfering with your ability to understand what is happening here today?

II. **Potential Conflict Of Interest Posed By Jeffrey Lichtman's Representation**

- Are you satisfied with the services of Jeffrey Lichtman thus far in the case?

- Has Mr. Lichtman informed you that he represents Joaquin Guzman-Loera, a/k/a "El Chapo," who is another defendant charged in your indictment, and who was recently tried and convicted of narcotics and other offenses in the Eastern District of New York?

- Has Mr. Lichtman discussed with you his representation of Joaquin Guzman-Loera?

- Do you understand that the fact that Mr. Lichtman represents Guzman-Loera may put him in a position where his duty to Guzman-Loera conflicts with his duty to you?

- The potential conflict could affect the way that Mr. Lichtman considers and advises you:

    o Whether, and when, you should plead guilty;

    o Whether you should seek to cooperate with the Government;

    o What defenses you should raise;

1

- o Whether you should proceed to trial;

- o Whether you should testify at trial;

- o Which witnesses should be cross examined, and what questions they should be asked;

- o Which witnesses to call, and what other evidence to offer on your behalf;

- o What arguments to make on your behalf to the jury;

- o What arguments to make to the Court, and what facts to bring to the Court's attention, before trial, during trial, or at your sentencing.

- Let me expand on some of those examples.

    - o Do you understand that Mr. Lichtman may not wish to take positions in your case before trial, during trial, or at sentencing that are critical of Guzman-Loera, even if criticizing him might help your defense?

    - o Are you aware that Mr. Lichtman may have learned information from Guzman-Loera that may be helpful in defending you, but that he is absolutely prohibited from using it to defend you because of the attorney-client privilege?

    - o Do you understand each of these examples?

- Please describe to me in your own words the potential conflict of interest arising in this situation.

- Do you understand that the greatest danger to you in this situation is the inability to foresee all of the possible conflicts that might arise because of Mr. Lichtman's representation of Guzman-Loera, on the one hand, and his representation of you, on the other?

- Do you understand that the potential conflict has existed throughout the entirety of the time that Mr. Lichtman has represented you?

### III. The Right To Conflict-Free Representation

- Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him or her is undivided,

- and who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests?

- In other words, do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of any other client?

- Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

- Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney?

- The Court is prepared to adjourn the remainder of this proceeding so that you may consult with an attorney other than Mr. Lichtman about the potential conflict of interest that I have described to you today.  In addition, the Court can appoint an attorney for you to consult on this matter if you cannot afford one.  Would you prefer to adjourn until you can give more thought to this matter?

IV. **Continuation Of *Curcio* Hearing**

- After considering all that I have said today about the ways in which Mr. Lichtman's prior representation of Joaquin Guzman-Loera may adversely affect your defense, do you believe that it is in your best interest to continue with him as your attorney?

- Is that your wish?

- Do you understand that by choosing to continue with Mr. Lichtman as your attorney, you are waiving your right to be represented solely by an attorney who has no conflict of interest?

- Are you knowingly and voluntarily waiving your right to conflict-free representation?

- Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of Mr. Lichtman's representation of Guzman-Loera, you were denied effective assistance of counsel by Mr. Lichtman?

- Is there anything that I have said that you wish to have explained further?