UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :         12-cr-00439-PAC-4
                                                    :
          -*against*-                               :
                                                    :         **PUBLIC REDACTION ORDER**
                                                    :
MYKHAYLO KORETSKYY,                                 :
                                                    :
                                                    :
                              *Defendant.*          :
------------------------------------------------------------x

Defendant Mykhaylo Koretskyy moves to redact certain portions of his sentencing memorandum and letters written by others on his behalf and attached as exhibits to his memorandum, and to file unredacted versions of those documents under seal. On March 29, 2021, Koretskyy filed redacted copies of these documents on the public docket. Def.'s Sent'g Mem., ECF No. 77. Because sentencing memoranda and attachments thereto are judicial documents subject to a "strong right" of public access under the First Amendment and the common law, *United States v. Pasqua*, No. 16-cr-591, 2020 WL 7338082, at *5–6 (S.D.N.Y. Dec. 12, 2020), the Court ordered Koretskyy to proffer legitimate reasons for sealing and explain why the Court should find those reasons outweigh the presumption of public access. Order to Show Cause 1–2, ECF No. 80 ("OTSC"). In the OTSC, the Court directed Koretskyy to "ensure that his proposed redactions have not already been publicly revealed elsewhere in his submission or the Government's submission." *Id.* at 1. On May 17, 2021, Koretskyy filed a letter motion

1

(under seal) setting forth his arguments for sealing ("Def.'s Sealing Mot.").[1] For the reasons explained below, Koretskyy's motion is **granted in part** and **denied in part**.

## DISCUSSION

### I. Applicable Law

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citations omitted). This presumption of access "requires a court to make specific, rigorous findings before sealing the [judicial] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted). A court must undertake a three-step inquiry when considering whether sealing a document is appropriate: the court must determine (1) whether the document is a judicial document, such that the common law presumption of public access attaches; (2) if it is a judicial document, how much weight the court should give the presumption; and (3) what factors weigh against publicly disclosing the judicial document, and whether they outweigh the presumption of access. *Mirlis*, 952 F.3d at 59. A document filed with the court is a judicial document if is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*Amodeo I*). The presumption of access is accorded heavy weight where the judicial document directly affects an adjudication, and light weight where the document's role in the court's performance of its Article III duties is negligible. *Bernstein*, 814 F.3d at 142.

---

[1] Koretskyy's letter also moved the Court to close the courtroom for Koretskyy's sentencing. The Court deemed the motion moot at sentencing because no strangers were in the courtroom.

2

The First Amendment independently secures the public's presumptive right of access to certain judicial documents. *Id.* at 141. Two tests exist for determining whether the public's First Amendment right of access applies to a document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The first is the "experience and logic" approach, by which a court must consider "both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Courts operating under the first approach "have generally invoked the common law right of access to judicial documents in support of a finding of openness." *Id.* (cleaned up). "The second approach," by contrast, "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (cleaned up). A court may seal judicial documents that are subject to the First Amendment right of access "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," but "[b]road and general findings" are insufficient to justify closure. *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Among other things, preserving the viability of ongoing or future law enforcement investigations and protecting safety and privacy interests may justify sealing a judicial document. *See United States v. Huntley*, 943 F. Supp. 2d 383, 386 (E.D.N.Y. 2013); *United States v. Armstrong*, 185 F. Supp. 3d 332, 336–337 (E.D.N.Y. 2016).

## II. Application

Because "the records at issue enjoy a qualified right of access under both the common law and the First Amendment," the Court need only analyze the sealing request "under the 'stronger' First Amendment right." *United States v. Sater*, No. 98-CR-1101, 2019 WL 3288389,

3

at *2 (E.D.N.Y. July 22, 2019) (quoting *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014)). Koretskyy's proposed redactions are overbroad, but some of them are warranted. Accordingly, the Court will accept only (1) Koretskyy's redactions of his minor son's name, and (2) those other redactions specified in the Court's Sealed Redaction Order, which is issued separately from this order and will be maintained under seal. *See In re Application of the Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984); *In re Applications to Unseal 98 CR 1101(ILG)*, 568 F. App'x 68, 70 (2d Cir. 2014).

Federal Rule of Criminal Procedure 49.1 directs a party filing a document that contains "the name of an individual known to be a minor" to include only the minor's initials, rather than the minor's full name. Fed. R. Crim. P. 49.1(a)(3). Although Koretskyy neglected to redact his son's name from Exhibits B (ECF No. 77–2) and I (ECF No. 77–9, filed as "Exhibit J"), he redacted the name everywhere else it appears in his submission. In keeping with Rule 49.1(a)(3), Koretskyy is directed to replace the minor's name with his initials, instead of redacting the name entirely. The basis for accepting this redaction is compliance with Rule 49.1, not to protect the privacy interests of a third party. The other accepted redactions, including the Government's,[2] are discussed in the Sealed Redaction Order.

The remainder of Koretskyy's proposed redactions are unacceptable for two reasons. First, many of them concern information that has already been publicly revealed elsewhere in the parties' sentencing memoranda. As the Court signaled in the OTSC, the Court lacks the power to "make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). Second, even if the information contained in these redactions were

---

[2] The Government did not take a position on sealing, but it did redact a small portion of its own sentencing memorandum. Gov't's Sent'g Mem. 4–5, 9, ECF No. 78.

confidential, sealing is not warranted, because Koretskyy's stated justifications are insufficient to overcome the strong presumption of public access to the information. *See Pasqua*, 2020 WL 7338082, at *6.

Koretskyy proposes redaction of references to "Sergei, a former business associate of defendant's, who was heavily involved with the Sinaloa Cartel." Def.'s Sealing Mot. 1 n.1. But the Government's sentencing memorandum discusses Koretskyy's interactions with Sergei in multiple places, and Koretskyy has not objected, even though that information has been on the public docket for two months now. Nor has Koretskyy explained why references to Sergei implicate the higher values of privacy, safety, judicial efficiency, or law enforcement interests. *See Pasqua*, 2020 WL 7338082, at *2. The same is true of "[m]ention of involvement with the Sinaloa Cartel" and "[d]etails on the origin of defendant's involvement with the Cartel, their operation and structure, [and] names of Cartel members and associates." Def.'s Sealing Mot. 1 n.1. The Sinaloa Cartel obviously knows that Koretskyy worked for them; Koretskyy met with various Cartel members (including Alex Cifuentes and possibly El Chapo) when he became involved in the conspiracy. Gov't's Sent'g Mem. 1, 2 & n.1, 6, 7, 8, ECF No. 78; Presentence Investigation Report ¶ 14.[3] Likewise, the Government's sentencing memorandum references Probation Services' sentencing recommendation, while Koretskyy's own submission references his Sentencing Guidelines range and criminal history category, despite redacting that information elsewhere—and again, there is no reason to seal this information. Lastly, Koretskyy's redaction

---

[3] Probation Services prepares Presentence Investigations Reports (PSRs) for the Court as an arm of the Court; thus, they are internal court documents that are not subject to a presumption of access under the First Amendment or the common law. *Sater*, 2019 WL 3288389, at *2 n.3; *United States v. Blasczak*, No. 18-CR-6107-FPG-MJP, 2021 WL 1292910, at *2 (W.D.N.Y. Apr. 7, 2021); *In re Motion for Civ. Contempt By John Doe*, No. 12-mc-0557, 2016 WL 3460368, at *4 (E.D.N.Y. June 22, 2016).

of a sentence stating that his son saw a psychiatrist for depression and anxiety (Def.'s Sent'g Mem. 3) is not warranted, because the son's letter (Exhibit B) states that he and his mother visited a psychologist to manage their stress after Koretskyy's arrest. In sum, the foregoing redactions are not justified, nor are they narrowly tailored; the Court therefore rejects these proposed redactions.

## CONCLUSION

Koretskyy will receive versions of his sentencing memorandum and sealing motion which highlight the redactions that are accepted. Koretskyy is directed to make those redactions (and only those redactions) and then file the documents publicly on the docket. The only redactions contained in the letters attached as exhibits to Koretskyy's sentencing memorandum are mentions of Koretskyy's son's name; those redactions are acceptable for the reasons stated above, but Koretskyy must replace them with the minor's initials. The Clerk of Court is directed to close the order at ECF number 80.

Dated: New York, New York
May 21, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge