UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

Plaintiff,

v.

MYKHAYLO KORETSKYY,

Defendant.

MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT
MYKHAYLO KORETSKYY'S
MOTION FOR SEALING

12 Cr. 439 (PAC)

---

## PRELIMINARY STATEMENT

Through counsel, Mykhaylo Koretskyy ("Mr. Koretskyy") submits this memorandum of law in support of his motion to seal certain information contained in his sentencing submission ("SS"), which was filed with the Court on March 29, 2021. *See* Dkt. 77. This information was redacted for the defendant's filing on ECF.[1] Furthermore, Mr. Koretskyy requests that his sentencing hearing, currently scheduled for May 18, 2021, at 10:30 a.m. be sealed.

Courts recognize that not all information contained in case filings should be subject to public disclosure. This is particularly true in criminal proceedings where the presumptive right of public access to judicial documents must be balanced with countervailing interests favoring restrictions on access. The purpose of Mr. Koretskyy's proposed redactions, and the sealing of his sentencing proceeding is to prevent public disclosure of (1) certain personal information of the defendant, (2) the identification of certain uninvolved third parties, and ▮

---

[1] Mentions of Sergei, a former business associate of defendant's, who was heavily involved with the Sinaloa Cartel. SS at 2, ▮ ▮ as well as mentions of his family. SS at 3. The name of his son. SS at 4-5, 26. Details on the origin of defendant's involvement with the Cartel, their operation and structure, names of Cartel members and associates, ▮ SS at 6-9, 11. Recommendation of below guidelines by Pretrial, and details on involvement in the conspiracy. SS at 13-14, ▮ ▮ SS at 15. Mention of involvement with the Sinaloa Cartel. SS at 16.

██████████████████████████████████████████████████████

██████████████████████████████████

**FACTUAL BACKGROUND**

Mr. Koretskyy participated in a conspiracy to distribute cocaine through North America with the Sinaloan Cartel. In 2013, he met with Alex Cifuentes, El Chapo's right hand man, in Mazatlan, Sinaloa. Mr. Koretskyy was given a cellphone by which the Cartel would coordinate shipments from Mexico, up through California, to Canada. Mr. Koretskyy helped arrange a total of 3 shipments of approximately 250 kilograms of cocaine, and the quantity foreseeable to his involvement was in excess of 450 kilograms. While Mr. Koretskyy was involved in the logistics of moving the narcotics, his trucks were not used, as they were not licensed to operate in the United States.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████ On January 3, 2018, Mr. Koretskyy was arrested in Curacao.

On December 11, 2020, Mr. Koretskyy plead guilty in accordance with a plea agreement, pleading guilty to conspiracy to distribute at least five kilograms of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.

## APPLICABLE LAW

The Supreme Court has long recognized a common law right of public access to judicial documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). As the Second Circuit opined, "[t]he detention of criminal defendants pending trial is a quintessential exercise of a court's Article III judicial power, and the public has a legitimate interest in monitoring a court's use of that power." *United States v. Graham,* 257 F.3d 143, 154 (2d Cir. 2001) (citations omitted).

However, this presumptive right of access must be balanced against countervailing interests favoring restriction. *See United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 146 (2d Cir. 1995) ("[T]he fact that a document is a judicial record does not mean that access to it cannot be restricted."). *Amodeo I* recognized that (i) the danger of impairing law enforcement or judicial efficiency and (ii) the need to protect privacy interests were to be considered as factors counterbalancing the presumption of public access. *Id.* at 147 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Second Circuit has also held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure ... should weight heavily in a court's balancing equation." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). In determining the weight of an assertion of privacy, courts should consider the degree to which such details are traditionally considered private as opposed to public. *Amodeo II*, 71 F.3d at 1051 (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing

3

conduct with no public ramifications, and similar matters" as weighing heavily against the presumption of public right of access). The nature and degree of injury of the information must also be weighed. *Id.*

These "higher values" may overcome the presumption of right to public access provided the "sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Where redactions are deemed necessary to protect the aforementioned interests, the Court must consider whether the portions of the document that remain intact are intelligible and informative, or are more likely to be confusing and misleading. *Amodeo II,* 71 F.3d at 1053.

### **DEFENDANT'S SENTENCING SUBMISSION SHOULD REMAIN REDACTED IN ITS CURRENT FORM AND HIS SENTENCING PROCEEDING BE SEALED**

The current redactions to Mr. Koretskyy's sentencing memorandum are an appropriate balance between the public's right to access with privacy interest. Well-recognized exceptions to the presumption of public access justify the sealing and/or redaction of (1) discussion of Mr. Koretskyy's involvement with the Sinaloan Cartel, (2) mentions of other individuals involved in the Cartel's narcotics trafficking conspiracy; and (3) discussion of Mr. Koretskyy's uninvolved family members, especially his son. [REDACTED] As Mr. Koretskyy's family members are still going about their daily lives, their ongoing safety is of utmost concern. [REDACTED] The sealing of Mr. Koretskyy's sentencing hearing is also necessary because the redacted information will need to be discussed in detail for defense counsel to adequately represent Mr. Koretskyy. The continued redaction of Mr. Koretskyy's sentencing submission and the sealing of his sentencing hearing is a narrowly-

tailored means of protecting defendant and his family from harm that might result from disclosure of confidential information.

## CONCLUSION

For the foregoing reasons, Mr. Koretskyy respectfully requests that this Court order the sealing and continued redaction of the previously submitted sentencing submission and the sentencing hearing currently scheduled for May 18, 2021.

Dated: New York, New York
        May 17, 2021

_____/s/_____
Jeffrey Chabrowe, Esq.
The Law Office of Jeffrey Chabrowe
*Attorney(s) for Mykhaylo Koretskyy*
